UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 7:25-cr-00009-GFVT-EBA-1 |
| v. | ) **MEMORANDUM OPINION** |
| JEREMY T. BRYSON, | ) **&** |
| Defendant. | ) **ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Bryson's objections [R. 50] to a Report and Recommendation prepared by United States Magistrate Judge Hanly A. Ingram. [R. 49.] Judge Ingram reviewed Defendant Bryson's motion to suppress evidence from a cell phone search. *Id.* After conducting a review of the petition, Judge Ingram recommends that the Court deny Bryson's motion. *Id.* Bryson objected to the Report and Recommendation and requested a hearing to resolve this motion. [R. 50.] Nevertheless, the Court will **OVERRULE** Bryson's objections and **ADOPT** Judge Ingram's Recommendation **[R. 49]** as and for the opinion of the Court and will **DENY** Bryson's motion to suppress **[R. 31.]**

**I**

On March 6, Bryson, a licensed pharmacist, was indicted for (1) conspiracy to unlawfully dispense controlled substances through Appalachian Family Medicine, (2) conspiring to unlawfully use another provider's registration number, and (3) using criminally derived property to purchase a Dodge Ram. [R. 1.] Prior to Bryson's indictment, United States Magistrate Judge

Edward B. Atkins issued a search warrant, which authorized search and seizure of Bryson's cell phone. [R. 40-1.] The Cell Phone Warrant Attachment E states:

> The property to be seized and searched is a cellular telephone being utilized by Jeremy Bryson, assigned phone number (606) 505-3484 ("Target Phone #2").
>
> This warrant authorizes the forensic examination of Target Phone #2 for the purpose of identifying the electronically stored information described in Attachment [F]. *Id.* at 3.

Attachment F then describes the evidence to be collected through forensic examination:

> 1. All evidence on Target Phone #2 described in Attachment [E] that relate to violations of 21 U.S.C. §§ 841 and 846, involving Don Bryson, Jeremy Bryson, and others affiliated with Appalachian Family Medicine (AFM), including:
>    a. All evidence relating to the unlawful dispensing of controlled substances;
>    b. Communications, records and photographs related to AFM such as policies and procedures, memos, emails and other digital communications, employee directives, and any other information relating in any way to the issuance of prescriptions;
>    c. Evidence of communications with pharmacies or other providers of medical care;
>    d. Evidence of any complaints made to AFM, or its employees, about its controlled substance prescriptions, whether made by the phone's user, a pharmacy, patient, provider, or any other individual or entity;
>    e. Evidence reasonably indicating the device user's state of mind as it relates to the crime under investigation;
>    f. Evidence that may identify any co-conspirators or other persons relevant to the particular crimes under investigation, including records that help reveal their whereabouts.
>    g. Any information recording the device's user's schedule or travel;
>    h. Any information necessary to show the location of the phone.
> 2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, pictures, videos, documents, and browsing history.
>
> As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.
>
> During the execution of the search of Target Phone #2 described in Attachment [E], law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual who is reasonably believed by law enforcement to be a user of Target Phone #2 to the fingerprint scanner of the device; (2) hold Target Phone # 2 in front of

any individual who is reasonably believed by law enforcement to be a user of Target Phone #2 and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant. *Id.* at 4-5.

Following the execution of the Cell Phone Warrant, Bryson filed a Motion to Suppress the evidence from the cell phone search. [R. 31.] Bryson asserted that "[t]he complete absence of any limits on the executing officers' discretion renders the warrant an unconstitutional general warrant." *Id.* at 3. Specifically, Bryson argued that the warrant: (1) failed to particularly describe the place to be searched, (2) failed to particularly describe the evidence to be seized, and (3) failed to limit the search to evidence created during a particular timeframe. *Id.* The United States responded, asking the Court to deny Bryson's motion because it was untimely and because the search warrant complied with the Fourth Amendment. [R. 40.] In his reply, Bryson asserted that there was good cause to file his motion after the deadline set by the Court and reasserted his position that the Cell Phone Warrant was an unconstitutional general warrant. [R. 45.]

United State Magistrate Judge Hanly Ingram ultimately recommended that this Court deny Bryson's Motion to Suppress. [R. 49.] Judge Ingram noted that the motion was untimely filed, and Bryson failed to establish good cause for the untimely filing. *Id.* Notwithstanding this conclusion, Judge Ingram analyzed the merits of Bryson's Motion to Suppress and concluded that the motion failed on the merits as well. *Id.*

**II**

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct a hearing, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition of any motion." Following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." Fed. R. Crim. Proc. 59(b)(1)(2). The district judge is required to "consider de novo any objection to the magistrate judge's recommendation"

3

and "may accept, reject, or modify the recommendation." 28 U.S.C. § 636(b)(1). A failure to object is considered waiver of the party's right to further appeal or review by the District Court and Court of Appeals. *United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019).

The purpose of objection is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 170, 147 (1985). Therefore, objection to the Report and Recommendation must be specific—they may not be "vague, general, or conclusory." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir, 2001). Additionally, an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply restates arguments already presented, is not an 'objection' as that term is used in this context. *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328 (E.D. Ky. Apr. 11, 2017). To the extent that Bryson has presented specific objections, the Court will address them in turn.

1

Bryson's first objection is that Judge Ingram erred in concluding that Bryson had abandoned his chief argument that the warrant was a general warrant. [R. 50 at 3.] Bryson believes that Judge Ingram mischaracterized his argument in stating that Bryson had "abandoned" his argument by not raising it in his reply brief. *Id.* However, Bryson misunderstands the conclusions in the R&R. Judge Ingram expressly recognized that Bryson's reply brief took the position that "the lack of a temporal constraint on the search renders it a general warrant." [R. 49 at 5.] Far from dismissing Bryson's argument that the warrant was a general warrant, the R&R recognizes that as the principal issue to be resolved. Judge Ingram focuses around whether the lack of a specified time frame in the Cell Phone Warrant renders the warrant overbroad (and thus a general warrant) but does not treat any of Bryson's arguments as

4

though they have been waived by a failure to include them in the reply brief. Thus, Bryson's first objection that Judge Ingram erred in concluding that Bryson had abandoned his chief argument that the warrant was a general warrant is without merit because it misstates Judge Ingram's analysis.

**2**

Bryson's next objection is that the Cell Phone Warrant was an unconstitutional general warrant. Much of this objection is restated from the Motion to Suppress, and directly addressed in the R&R. Bryson continues to refer to the Cell Phone Warrant as a "top-to-bottom search," while overlooking the clear limitations in Attachments E and F.[1] Because this issue is addressed at length in the R&R and Bryson merely lodges a general disagreement with Judge Ingram's suggestion, the Court finds no reason to depart from the R&R on this issue.

However, the Court will address Bryson's argument that the Cell Phone Warrant failed to particularly describe the **place** to be searched, as most of the R&R discusses the temporal limitation issue. Bryson asserts that "[b]y failing to particularly describe *where* on the phone the evidence of a crime was expected to be located, law enforcement essentially had a blank check to rummage through Bryson's entire digital life." [R. 50 at 6.] Bryson makes a novel argument, citing no directly relevant case law, that a warrant is an unconstitutional general warrant for authorizing the search of a phone without specifying *where* on the phone law enforcement may search. *Id.* Bryson seems to suggest that the warrant needed to specify certain applications to be searched in order to satisfy the particularity requirement as it relates to the place to be searched. *Id.* The Court has found no support for this proposition, and in fact, the case law cited by Bryson

---

[1] As discussed in the R&R, the assertion that the Cell Phone Warrant contained no limitations *whatsoever* is baseless considering that the warrant directed law enforcement to search for evidence "relat[ing] to violations of 21 U.S.C. §§ 841 and 846" which is a clear subject matter limitation. *See United States v. Ford*, 184 F.3d 566 (6th Cir. 1999).

states the opposite.  Although not binding on this Court, the case cited by Bryson clearly states that "[t]he warrant in this case particularly described the place of the search: the white Samsung Galaxy III cell phone." *United States v. Winn*, 79 F.Supp.3d 904, 919 (S.D. Ill. 2015).  While the warrant in *Winn* was found unconstitutionally broad, this was not because the warrant failed to specify where on the phone law enforcement may search – and the court expressly recognized that describing the phone satisfied the particularity requirement as it relates to the place of the search.  *Id.*  Here, Bryson's phone was described as "a cellular telephone being utilized by Jeremy Bryson, assigned phone number (606) 505-3484." [R. 40-1 at 3.] The Court is satisfied that this description is within the bounds of the Fourth Amendment particularity requirement and thus declines Bryson's invitation to depart from the R&R on this issue.

### 3

Bryson's next 'objection' relates to the proper remedy for an unconstitutional general warrant. [R. 50 at 8.] Bryson posits that the remedy for a general warrant is suppression of all evidence obtained. *Id.* While this may be true, as discussed above, the Court does not find that the Cell Phone Warrant is an unconstitutional general warrant.  Accordingly, the Court need not analyze the proper remedy for an unconstitutional general warrant.

### 4

Bryson's final 'objection' pertains to the good-faith exception to the exclusionary rule. [R. 50 at 9.] Assuming, without deciding, that the lack of a temporal constraint in the Cell Phone Warrant rendered the warrant overbroad, Judge Ingram noted that the proper remedy would be to suppress the evidence that was generated during time periods for which probable cause was not established. [R. 49 at 16.] Thus, the proper remedy would be to suppress only the evidence that predated January 19, 2019, and the government indicated on a telephonic conference that it did

not plan to use any evidence seized from Bryson's cell phone that predates January 31, 2019. *Id.* So, Judge Ingram properly concluded that there was nothing to suppress, even assuming that the Cell Phone Warrant was overbroad for lack of temporal constraint. Bryson does not object to this finding, so it is not necessary for the Court to reach the issue of whether the good-faith exception would apply.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Bryson's Objections to the Report and Recommendation **[R. 50]** are **OVERRULED**;

2. The Report and Recommendation **[R. 49]** is **ADOPTED** as and for the opinion of the Court;

3. Defendant Bryson's Motion to Suppress Evidence from Cell Phone Search **[R. 31]** is **DENIED**;

This the 8th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge